IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, ) | C/A No. 3:11-2132-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Federal Bureau of Investigation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the Federal Bureau of Investigation ("FBI"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff filed his Complaint on August 12, 2011, purportedly against the FBI. Because this court had difficulty gleaning the facts and legal claims from the handwritten Complaint, it required Plaintiff to complete a court complaint form and to list the names of the defendant(s) he intended to sue. Plaintiff filed his Complaint on the proper form on September 13, 2011, naming the FBI as the sole defendant.[1] The Clerk of Court attached

---

[1] Within the Statement of Claim section of the Complaint, Plaintiff lists the "C.I.A. Central Intelligent (sic) Agency with N.A.A.C.P. National Association Advancement Colored People and with Sled SC Law Enforcement Division Disciplinary," but this court does not glean any alleged facts against those entities. Further, Plaintiff did not designate them as defendants.



the Complaint on the proper form to the original handwritten complaint, and they are construed together as the Complaint.[2] (Compl., ECF No. 1.)

In the Complaint, it appears that Plaintiff brings suit against the FBI because allegedly Plaintiff suffered serious bodily and mental injuries during a period of time in 2005, when Plaintiff was in the custody of the FBI or after Plaintiff spoke with the FBI. Plaintiff also alleges that Steve Patterson, prior owner of WWDM 101.3 ("The Big DM"—a radio station) and current manager at Intercity Broadcasting, "ha[s] illegal internal intelligent machine electronic current to my boby (sic) at birth internal devices." Plaintiff asks this court to "review all medical records, and F.T.C.A. claims, and injury photo pictures," and he alleges that his injuries were caused by the FBI. Plaintiff seeks money damages, and "Federal Employee Liability," "clemency," and "relief . . . from internal investigation."

Plaintiff alleges that he filed a Federal Tort Claims Act claim, but he has not received a response since April 27, 2009. He alleges that the FBI will not talk with him, and an FBI agent told him to hire an attorney. Plaintiff attaches a copy of a Standard Form 95, allegedly submitted to the FBI and signed by Plaintiff on April 27, 2009, which states that the incident occurred from January 1 - April 27, 2009.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129

---

[2] After this action was filed, Plaintiff has filed two other similar lawsuits in this court. See Brunson v. SLED, C/A No. 3:11-2314-JFA-PJG (D.S.C. Aug. 30, 2011); Brunson v. United States District Court, C/A No. 3:11-2313-JFA-PJG (D.S.C. Aug. 30, 2011).



S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3]

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

Although Plaintiff designated the FBI as the sole defendant, if Plaintiff is attempting to sue the United States, this case should be barred by sovereign immunity. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit has explained that:

> All waivers of sovereign immunity must be 'strictly construed . . . in favor of the sovereign.' For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. If the plaintiff fails to meet this burden, then the claim must be dismissed.



Id. (citations omitted). If Plaintiff is attempting to proceed under the Federal Tort Claims Act ("FTCA"), which waives the sovereign immunity of the United States in certain situations, he must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). An administrative claim must first be timely filed with the appropriate federal agency, and finally denied by the agency, before commencement of a civil action in a district court under the FTCA. See 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the . . . notice of final denial of the claim . . . ."); 28 C.F.R. § 14.2; the Standard Form 95. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986). Although Plaintiff seems to allege that he filed an administrative claim with the FBI, Plaintiff does not allege that the FBI issued a final denial of his claim or that he has filed suit not later than six months after a notice of denial. See 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9. Moreover, although Plaintiff alleges that he submitted tort claims forms to the FBI (wherein he lists the date of accident as January 1, 2009 to April 27, 2009), Plaintiff's documents indicate otherwise. The documents provided by Plaintiff indicate that Plaintiff's injuries were allegedly inflicted by the FBI in 2005, but Plaintiff did not file an administrative claim until approximately four years later on April 27, 2009. Thus, because Plaintiff did not strictly comply with the requirements of the FTCA, this action should be barred by sovereign immunity.

Alternatively, if Plaintiff sufficiently alleged exhaustion of administrative remedies pursuant to the FTCA, Plaintiff has still failed to state a claim on which relief may be



granted. A suit pursuant to the FTCA lies only against the United States, and a federal district court lacks jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Therefore, the FBI should be entitled to summary dismissal under the FTCA.

Additionally, if this action is treated as a Bivens action[4] alleging a deliberate violation of a constitutional right, a Bivens action may not be brought against agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Therefore, the FBI should be dismissed for failure to state a claim on which relief may be granted.

Further, Plaintiff failed to state a claim on which relief may be granted because this court cannot grant a pardon or clemency for state or federal crimes. See generally Herrera v. Collins, 506 U.S. 390, 412-14 (1993) (describing history of clemency and pardons).

Finally, Plaintiff's allegation that an electronic device was illegally placed into his body at his birth seems fantastic, fanciful, and delusional. See Feurtado v. McNair, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. May 15, 2007); Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions). Therefore, because this lawsuit seems delusional, this court should also dismiss it based on frivolousness.

---

[4] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).



**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this action be dismissed for lack of jurisdiction, failure to state a claim on which relief may be granted, and frivolousness.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).